# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10872
Summary Calendar

---

United States of America,

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

*Plaintiff—Appellee*,

*versus*

Justin Michael Boatright,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CR-70-1

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Justin Michael Boatright was convicted of possession with intent to distribute 50 or more grams of actual methamphetamine, and the district court sentenced him to 188 months of imprisonment. Appealing only the denial of his motion to suppress evidence seized following the investigatory stop of his vehicle, Boatright argues that the officers lacked reasonable

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10872

suspicion to justify that stop based on a tip from a confidential source (CS) and officers' subsequent surveillance. We review the district court's legal conclusions de novo, including the court's ultimate finding that reasonable suspicion existed for the stop, and we review its factual findings for clear error. *United States v. Rodriguez*, 564 F.3d 735, 740 (5th Cir. 2009). We view the evidence in the light most favorable to the Government as the prevailing party. *See id.*

For the reasons articulated by the district court, the officers had probable cause to stop Boatright's vehicle under the totality of the circumstances, which included evidence regarding the CS's credibility and reliability, the specificity of the tip regarding the imminent drug transaction with Boatright, and the accurate prediction of Boatright's future actions as corroborated by surveillance. *See United States v. Alvarez*, 40 F.4th 339, 345 (5th Cir. 2022); *United States v. Powell*, 732 F.3d 361, 369-71, 373 (5th Cir. 2013); *United States v. Zamora*, 661 F.3d 200, 207 (5th Cir. 2011); *United States v. Ashley*, 569 F.2d 975, 982 (5th Cir. 1978). We are not persuaded by Boatright's arguments regarding purported deficiencies in that evidence or by his comparison to the distinguishable facts in *United States v. Roch*, 5 F.3d 894 (5th Cir. 1993).

AFFIRMED.